NOT DESIGNATED FOR PUBLICATION

No. 129,883

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL HARDESTY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON E. GEIER, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Samuel Hardesty appeals the district court's decision revoking his probation and imposing his original sentence following his conviction of burglary of a vehicle. We granted Hardesty's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State responded, requesting this court affirm the district court's judgment. After thoroughly reviewing the record and finding no abuse of discretion, we affirm the district court's judgment.

*Factual background*

In February 2024, the State charged Hardesty with one count each of burglary of a vehicle, identity theft, and misdemeanor theft. The next month, under a plea agreement,

1

Hardesty pled guilty to burglary of a vehicle in exchange for dismissal of the other two counts. On June 14, 2024, the district court sentenced Hardesty to 12 months' imprisonment with 6 months' postrelease supervision but granted probation for 18 months with drug treatment to be supervised by community corrections.

In January 2025, the district court issued an order to show cause why probation should not be revoked based on allegations that Hardesty violated the probation conditions by not remaining law-abiding, by not maintaining employment, by leaving Kansas without permission from his intensive supervision officer (ISO), and by failing to report to his ISO as directed. In April 2025, Hardesty waived his right to an evidentiary hearing and stipulated to the allegations. The district court ordered Hardesty to serve a 3-day quick dip jail sanction and extended his probation by 12 months.

In June 2025, the district court again issued an order to show cause why probation should not be revoked, alleging Hardesty had failed to report to his ISO following his last court hearing and his whereabouts were unknown. On October 9, 2025, Hardesty again waived his right to an evidentiary hearing and stipulated to violating the conditions of his probation. The State asked the district court to revoke Hardesty's probation and impose the original sentence, noting "minimal or no effort" in participating in the conditions of his probation. Hardesty asked for a 30-day sanction followed by an extension of his probation. He told the district court that he had a job, housing, and transportation lined up, explaining that his previous failure to adhere to the probation conditions was due in part to being homeless and having no cellphone. Hardesty's ISO told the district court that he had helped Hardesty find a job and start the process of becoming a Kansas resident. Even with this help, the ISO expressed frustration that Hardesty failed to follow the conditions of his probation. The ISO concluded, "I don't know what else to do with [Hardesty]. He doesn't want to comply and he's not going to report."

The district court expressed concern over Hardesty's repeated failure to adhere to the conditions of probation. Noting the totality of violations, including the failure to remain law-abiding and the lack of indication that Hardesty's conduct would change, the district court revoked Hardesty's probation and imposed the original prison sentence. Hardesty timely appealed the district court's judgment.

*Analysis*

On appeal, Hardesty claims the district court "abused its discretion by unreasonably revoking his probation." He again asserts that his failure to report stemmed from his lack of resources, including homelessness and no cellphone. The State points to the prior three-day jail sanction and asserts the district court's judgment should be affirmed.

The procedure for revoking probation is governed by K.S.A. 22-3716. Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An appellate court reviews a district court's revocation of probation for an abuse of discretion. 315 Kan. at 328. "A district court abuses its discretion if no reasonable person could agree with its decision or if its exercise of discretion is founded on a factual or legal error." *State v. Butler*, 315 Kan. 18, Syl. ¶ 1, 503 P.3d 239 (2022). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Hardesty makes no claim that the district court's decision to revoke his probation was based on a factual or legal error. He previously violated his probation conditions resulting in a three-day jail sanction, so the district court was statutorily authorized to revoke his probation. See K.S.A. 22-3716(c)(1)(C). The only question is whether the district court's judgment was reasonable. Just days after Hardesty's first probation

3

violation hearing, he again failed to report to his ISO. The ISO expressed doubt that Hardesty would report in the future and follow the conditions of his probation. The district court considered, among other things, the lack of indication that Hardesty was willing to change with another chance on probation. As for Hardesty's claim that he lacked resources, a good starting point would have been reporting to his ISO, who had already assisted with finding Hardesty employment. Under these circumstances, we cannot say that no reasonable person would have agreed with the district court's decision to revoke Hardesty's probation. Hardesty has failed to show the district court abused its discretion by revoking his probation and imposing his original sentence.

Affirmed.